**JONES MOTOR CO., Inc.**
v.
**The UNITED STATES of America**
and
**The Interstate Commerce Commission.**
**Civ. A. No. 32829.**

United States District Court
E. D. Pennsylvania.

Nov. 21, 1963.

Roland Rice, Rice, Carpenter & Carraway, Washington, D. C., Claude B. Wagoner, McWilliams, Wagoner & Troutman, Philadelphia, Pa., Christian V. Graf, Harrisburg, Pa., for plaintiff.

H. Neil Garson, Assoc. Gen. Counsel, for Interstate Commerce Comm.

Robert H. Young, Morgan, Lewis & Bockius, Philadelphia, Pa., for intervening defendants Highway Express Lines, Inc. and Modern Transfer Co., Inc.

William A. Goichman, Harrisburg, Pa., for intervening defendant Pa. Public Utility Comm.

Before GANEY, Circuit Judge, and WOOD and JOSEPH S. LORD, III, District Judges.

WOOD, District Judge.

On June 4, 1963, D.C., 218 F.Supp. 133 we reversed the Order of the Interstate Commerce Commission which had found the plaintiff motor carrier guilty of a subterfuge to avoid the jurisdiction of the Commonwealth of Pennsylvania.

Thereafter, we granted the defendants' petitions for rehearing and reconsideration on July 23, 1963. This rehearing was held on October 11, 1963.

The basis of our prior opinion and order was that the record failed to disclose substantial evidence to support the

Commission's finding of subterfuge on the part of Jones.

When Jones carries shipments from states other than Pennsylvania to Allentown it must use its certificated route through Philadelphia and Clinton, New Jersey, to Allentown. It can use none other because this is the only authority it has from the Interstate Commerce Commission. This route is 96.2 miles long and the driving time is 3 hours, whereas the route from Philadelphia to Allentown via Route 309 is 55 miles and requires 2 hours and 5 minutes driving time. The only remaining route wholly within Pennsylvania is the Pennsylvania Turnpike, the distance being 74.9 miles and the driving time is 1 hour and 50 minutes.[1]

It seems to be logical and normal for Jones to carry the comparatively few Philadelphia to Allentown shipments, shown on the record,[2] on its 96 mile trip rather than to delay these few shipments for several days until a larger quantity could be dispatched over a route wholly within Pennsylvania.

Were Jones to split its operation to carry the questioned traffic on one truck via Route 309[3] which is 55 miles long and the remaining shipments over its 96 mile interstate route it would result in a combined total of 151 truck miles. This hardly seems practical and efficient from the standpoint of operating economy when one truck traveling 96 truck miles could carry all the shipments in one movement. Any increased fuel expense incurred by Jones in utilizing its interstate route would be offset by a saving in fewer drivers and trucks.

Since these 22 shipments are by definition "interstate"[4] and further, since 96 truck miles are preferable to 151 truck miles, we find no evidence of bad faith in the record of this proceeding.

For these reasons and those outlined in our prior Opinion, we dismiss the defendants' petitions for reconsideration.

GANEY, Circuit Judge (dissenting).

I dissent.

The distance between Philadelphia and Allentown, on appellant's certificated route—its authority from the Interstate Commerce Commission—is 96.2 miles. The intrastate distance between Allentown and Philadelphia on Route 309, an excellent highway, is 55 miles, a saving of some 41 miles if the appellant had the approval of the Pennsylvania Public Utility Commission. It is indisputable that the run from Philadelphia to Trenton and back to Philadelphia is a dry run in that no stops were made en route to Trenton nor at Trenton itself nor from Trenton to Philadelphia. Accordingly, this differs radically from Service Storage and Transfer Co. v. Virginia, 359 U.S. 171, 79 S.Ct. 714, 3 L.Ed.2d 717, where Bluefield, West Virginia, which would correspond to Trenton in the instant case, was a terminal point on the certificated route, where the truck stopped, goods were delivered from it and other goods taken aboard, which gave reason and substance for going there, all absent in the instant case. Here, the truck may well have been taken to Clinton, New Jersey, or the New Jersey side of the Tacony-Palmyra Bridge, both on the appellant's certificated route, and a much shorter distance, turned around and gone on to Allentown and there would have been as much substance to the trip as going many miles deeper into New Jersey to Trenton.

Conceding, as is obvious, that 49 U.S. C.A. § 303(10) defines "interstate com-

---

1. In Service Storage & Transfer Co. v. Virginia, 359 U.S. 171, 175, 79 S.Ct. 714, 3 L.Ed.2d 717 (1959), the circuitous routes utilized by the carrier were sometimes *twice* the shortest possible intrastate route. The driving times are not mentioned and apparently were not important.

2. 22 in number.

3. Assuming that Jones had Pennsylvania authority.

4. Service Transfer Co. v. Virginia, supra, Footnote 1.

merce" as including "commerce * * * between places in the same State through another State * * *.", it must likewise be conceded that this action must not be construed in a vacuum, but that inherent in the statute is the bona fides of the transaction or commerce and that merely a dry run traversing a portion of a certificated route without rhyme or reason cannot make the "commerce" interstate and thus enable it to avoid regulation.

I can see no other reason for this bizarre performance other than as a subterfuge to avoid compliance with the Public Service Commission of Pennsylvania, and I reiterate the reasons set out in my original dissent.